<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
OHIO SECURITY INSURANCE :
COMPANY, :
:
    Plaintiff,     :    Civil Action No. 20-7727 (SRC)
:
    v.     :
:
J. GENNARO TRUCKING INC.,     :     **OPINION**
:
    Defendant.     :
_____:

**<u>CHESLER</u>, <u>U.S.D.J.</u>**

    This matter comes before this Court on the motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Ohio Security Insurance Company. Plaintiff filed the Complaint on June 24, 2020, asserting two counts of breach of contract for non-payment of premiums for two insurance policies, the Business Auto Policy and the Commercial Package Policy. The Complaint sought damages against Defendant J. Gennaro Trucking Inc. on the first claim in the amount of $153,629.07, plus interest from August 15, 2018; and, on the second claim, in the amount of $2,881.46, plus interest from August 15, 2018.

    The record indicates that Defendant was served on July 3, 2020 and has not appeared in the action, and default against Defendant was entered on August 6, 2020. Plaintiff now moves for entry of default judgment.

    Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the

discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Complaint alleges that Plaintiff and Defendant entered into two insurance contracts and that Defendant subsequently stopped paying the premiums for the policies at issue. Plaintiff seeks damages for the balances due on the accounts, as well as pre-judgment interest. The Court finds that these factual allegations, now taken as true, constitute a legitimate cause of action. Plaintiff has submitted account statements for the two policies that establish the balances due on the accounts as $153,629.07 and $2,881.46, for a total balance due of $156,510.53. The declaration submitted in lieu of a brief seeks additional damages for prejudgment interest.

Under New Jersey law, "the award of prejudgment interest on contract and equitable claims is based on equitable principles. . . . The allowance of prejudgment interest is a matter of discretion for the trial court." Cty. of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006). Plaintiff has offered no justification whatever for the award of prejudgment interest and it will be denied.

Plaintiff's motion for entry of default judgment is granted in part and denied in part.   As to the motion for an award of prejudgment interest, the motion is denied.   As to the motion for an award of contract damages, the motion is granted, and the Court awards damages in the amount of $156,510.53.

                                                        s/Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: November 17, 2020